**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**LILLIAN CUPIT**                                        **CIVIL ACTION**

**VERSUS**                                               **NUMBER 10-668-JJB-DLD**

**WAL-MART STORES, INC.**

## MAGISTRATE JUDGE'S REPORT

This referred slip and fall case comes before the court on plaintiff's motion to remand (rec. doc. no. 3), which is opposed. (rec. doc. 5). The sole issue before the court is whether defendant timely removed the case to federal court under 28 U.S.C. § 1446(b) within 30 days of its becoming removable.[1] The answer depends upon whether the allegations in the petition were sufficient to show that more than $75,000 was in controversy. If so, the removal, more than six months after receipt of the petition, was untimely, and the case must be remanded.

### Background

Plaintiff Lillian Cupit alleges that she fell and injured herself when she stepped in a large hole in a pedestrian walkway in front of the Garden Center at a Wal-Mart Supercenter located in Baker, Louisiana. She describes herself as falling forward and landing "on both knees and elbows, instantly feeling agonizing pain and suffering." (rec. doc. 5-1, p.1, para. 5) In paragraph 8 of her petition, she alleges that

> [a]s a result of this occurrence, plaintiff sustained severe injury to her knees and elbows, but particularly to her left knee where she has had reconstructive surgery and has been advised to have a total knee replacement. (rec. doc 5-1, p. 2)

---

[1] Diversity of citizenship under 28 U.S.C.§ 1332 is not contested. Plaintiff is a citizen of Louisiana, and defendant sets out the diverse citizenship of the various Wal-Mart entities in its notice of removal. (rec. doc. 1, p.4, para.10)

She thereafter itemizes her damages as consisting of past and future medical services, prescriptions, physical pain and suffering, mental anguish and loss of enjoyment of life.

Almost seven months after the petition and amended petitions were filed, defendant removed the case to federal court, whereupon plaintiff immediately filed a motion to remand, stating simply that the petition set forth sufficient facts to place defendant on notice that the amount in controversy exceeded $75,000.00; therefore, the removal was untimely.

Defendant countered that its removal is timely because it was done within 30 days of taking plaintiff's deposition and receiving medical records confirming that plaintiff "had undergone an arthroscopic surgery of her left knee in May 2009" and that "her physician suggested additional arthroscopic surgery to her left knee," which facts are, according to defendant, more than sufficient to exceed the requisite $75,000 amount in controversy.[2] (rec. doc. 1, p.3) Defendant acknowledges that plaintiff's petition contained allegations of severe injuries, including reconstructive surgery and a recommendation for knee replacement, but defendant nevertheless argues that these statements are insufficient because plaintiff did not specifically state an amount of damages or that damages exceeded the amount required for federal jurisdiction; it was not clear whether her injuries were causally related to the fall at Wal-Mart; and the injuries had not been substantiated. Furthermore, defendant also stated that the medical records do not evidence a

---

[2] The deposition and receipt of medical records took place on September 14 and 24, 2010, respectively; and the removal was on October 5, 2010. Plaintiff does not provide a service date, but the petition and amended petitions were filed in March 2010, and defendant responded to the petitions in March 2010; thus there is no question that the removal was more than 30 days after receipt of the initial pleadings.

recommendation for "total knee replacement" as alleged in the petition, but rather recommended additional arthroscopic surgery. *Id.*

**Law and Discussion**

The removing defendant bears the burden of establishing the existence of federal jurisdiction over the state court suit. *See, e.g., Winters v. Diamond Shamrock Chemical Co.,* 149 F.3d 387, 397 (5th Cir. 1998). It is axiomatic that the lower federal courts are courts of limited jurisdiction and may exercise only the jurisdiction that has been conferred by Congress. *E.g., Trizec Properties, Inc. v. United States Mineral Products Co., 974 F.2d 602, 604* (5th Cir. 1992). Accordingly, there is a presumption against subject matter jurisdiction that must be rebutted by the party bringing the action to federal court. *Coury v. Prot, 85 F.3d 244, 248* (5th Cir. 1996).

The removing defendant also bears the burden of showing, if challenged, that the removal was procedurally proper. *See, e.g., Manguno v. Prudential Property and Casualty Insurance Company,* 276 F.3d 720, 723 (5th Cir. 2002). Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand. *Id.*

In this case, plaintiff has challenged the timeliness of the removal. The timeliness of a notice of removal is governed by 28 U.S.C. §1446(b), which creates a 30-day limitation period for removing cases. The 30-day period removal period is mandatory and must be strictly construed. *Carlton v. Withers*, 609 F.Supp. 146 (M.D. La. 1985). Failure to timely file a notice of removal is a defect that requires remand to state court when challenged within 30 days of the removal. *See, e.g., Royal v. State Farm Fire & Cas. Co.*, 685 F.2d 124, 127 (5th Cir.1982).

The right to remove arises when a defendant is first put on notice that all prerequisites for invoking federal jurisdiction have been met. Thus, "if the case stated by the initial pleading is removable, then notice of removal must be filed within thirty days from the receipt of the initial pleading by the defendant." *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 161 (5th Cir.1992). If it is not readily apparent from the initial pleading that the case is removable, a notice of removal must be filed "within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b); *see also Bosky v. Kroger Texas, LP,* 288 F.3d 208, 210 (5th Cir. 2002).

In this case, both the initial pleadings and the subsequent discovery show that more than $75,000 is and always has been in controversy. Defendant claims, however, that while it was obvious from the beginning that the parties were of diverse citizenship, it nevertheless could not remove the case when first filed because it was not clear, from a legal basis, that the amount in controversy exceeded $75,000. Defendant justifies its position by arguing that plaintiff failed to meet the requirement of either stating a specific dollar amount or including a statement in the petition that "her claim exceeded the amount necessary for federal jurisdiction." Defendant also notes that neither causation nor plaintiff's injuries could be substantiated at that time.

Defendant cites a passage in *Chapman v. Powermatic* for its position, which states that the initial pleading must "affirmatively [reveal] on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court." *Chapman* at 163. *Chapman* goes on to say that while the court adopts the above rule (that is, to affirmatively reveal on the face of the petition), the court believes

> the better policy is to focus the parties' and the court's attention on what the
> initial pleading sets forth, by adopting a bright line rule requiring the plaintiff,
> if he wishes the thirty-day time period to run from the defendant's receipt of
> the initial pleading, to place in the initial pleading a specific allegation that
> damages are in excess of the federal jurisdictional amount. *Id.*

Defendant thus concludes that since plaintiff neither stated a dollar amount of damages nor specifically included a statement that literally was worded "damages are in excess of the federal jurisdictional amount," the case was not removable on the basis of the allegations in the initial pleadings.

The Fifth Circuit, however, has not applied *Chapman* as defendant suggests. The Fifth Circuit, in subsequent cases, has not required that plaintiff state a specific dollar amount of damages or include a formalistic mantra of specific wording, *i.e.*, "damages are in excess of the federal jurisdictional amount." The Fifth Circuit instead has noted:

> Louisiana prohibits plaintiffs from petitioning for a specific monetary amount. See *LA. Code Civ. P. art 893(A)(1)*. Therefore, where, as here, the petition does not include a specific monetary demand, [defendant] must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000. . . " *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720 (5th Cir. 2002), citing as examples, *Gebbia v. Wal-Mart Stores, Inc.,* 233 F.3d 880 (5th Cir. 2000)*; Simon v. Wal-Mart Stores, Inc.,* 193 F.3d 848, 850 ( 5th Cir. 1999); *Luckett v. Delta Airlines, Inc.,* 171 F.3d 295 (5th Cir. 1999); *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995).

The defendant may make this showing either: (1) by demonstrating that it was "facially apparent" from the allegations of the state court petition that the amount in controversy exceeded the $75,000 jurisdictional threshold; or (2) by setting forth facts in controversy, either in the notice of removal or sometimes by affidavit, that support a finding that a requisite amount was in controversy. *Simon,* at 850; *see also White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003)(citations omitted). "Where the district court is making the 'facially apparent' determination, the proper procedure is to look only at the face of the

complaint and ask whether the amount in controversy [is] likely to exceed $[75,000]." *Allen,* at 1336.

In the various cases cited as examples in *Manguno*, the court looked to the plaintiff's state court petition to determine whether it was "facially apparent" that the facts as alleged in the petition established that more than $75,000 was in controversy. None of the cited cases dealt with a state petition which contained an allegation of an exact amount of damages or a specifically worded statement that damages were in excess of the federal jurisdictional amount. The courts instead looked to the respective petition's factual allegations of the nature of the injuries sustained and the resulting items of damage in order to determine whether the requisite jurisdictional amount was "facially apparent." *See, e.g., Gebbia*, *Simon, Luckett, Allen, DeAguillar* (DeAguillar II).

After this series of jurisdictional cases applying the "facially apparent" language, the *Chapman* language was addressed again in the Fifth Circuit's 2002 decision in *Bosky v. Kroger Texas, LP*,[3] when the Fifth Circuit returned to the related question of what damage allegations were required to trigger the 30-day removal period under Section 1446(b) as opposed to those allegations in the initial pleadings. *Bosky* involved an apparently nondescript slip-and-fall case. The parties agreed that the state court petition was insufficient to trigger the 30-day period for removing the case, and the *Bosky* opinion did not recite the allegations of either the petition or the following paper that precipitated the removal. The Fifth Circuit instead discussed the standards for triggering the 30-day removal period strictly in the abstract without specific reference to the particulars in *Bosky*.

---

[3] 288 F.3d 208 (5th Cir. 2002).

Although not directly at issue, the *Bosky* opinion discussed "for comparative purposes" the standard under which the initial petition would trigger the 30-day removal period, and reaffirmed the *Chapman* rule with emphasis: "The time limit . . . is triggered 'only when that pleading *affirmatively reveals on its face* that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court.'" *Bosky*, 288 F.3d at 210, *quoting*, *Chapman*, 969 F.2d at 163 (emphasis added by the *Bosky* court). *Bosky* further reiterated *Chapman*'s "'bright line rule requiring the plaintiff, if he wishes the thirty-day time period to run from the defendant's receipt of the initial pleading, to place in the initial pleading a specific allegation that damages are in excess of the federal jurisdictional minimum.'" *Id.*

Significantly, *Bosky* then addressed the jurisdictional cases such as *De Aguilar* and *Luckett* with the trigger standard announced in *Chapman* and adhered to in *Bosky*. The *Bosky* court, citing these jurisdictional cases, stated:

> . . . . We have since held that specific damage estimates that are less than the jurisdictional amount, when combined with other unspecified damage claims, can provide sufficient notice that an action is *removable so as to trigger the time limit for filing a notice of removal*. Notably, however, the removing defendant is always required to "prove by a preponderance of the evidence that the amount in controversy exceeds $75,000."

288 F.3d at 210 (emphasis added; footnotes omitted). *Bosky* did not differentiate the meaning of the "affirmatively reveals on its face" wording of *Chapman-Bosky* with the "facially apparent" wording of the jurisdictional cases – cases that did not follow a "bright line rule" under which the action became removable only if the plaintiff "place[d] in the initial pleading a specific allegation that damages are in excess of the federal jurisdictional

amount." The *Bosky* opinion concluded, in one last statement and without further explanation:

> Nor do we believe the standard we adopt today conflicts with our cases holding that a defendant can still show a case to be removable on the basis of a state court complaint *which does not explicitly state a demand for damages exceeding the threshold amount in controversy*." 288 F.3d at 212 (citing, *e.g., Gebbia, Luckett, Allen*, and *De Aguilar II*)(emphasis added).

As far as this court can tell, this last statement is the last statement by the Fifth Circuit on the issue. Thus, it certainly appears as though the Fifth Circuit does not find any conflict between *Chapman* and its subsequent line of jurisdictional cases applying what has become known as the "facially apparent" standard. Any difficulty in reconciling these cases lies in the one phrase which defendant reads to require a literal statement in a petition worded as "the damages exceed what is required for federal jurisdiction."[4] Perhaps somewhere at some time a plaintiff included such a statement, but this court has never seen one. Hyper-focusing on this one line, however, ignores the entirety of both the *Chapman* decision and all subsequent cases applying its principles. *Chapman's* emphasis is on the importance of not having removability depend on defendant's subjective opinions or conjectures. The removability of a petition must affirmatively arise from the face of the petition. The jurisdictional inquiry thus should focus on "what the initial pleading sets forth, not on what "a particular defendant may or may not subjectively know." *Chapman,* at 163.

Later cases expanded on this theme and further explained that when the defendant removes a case based on the petition, defendant can do so where it is apparent from the

---

[4] Although the Fifth Circuit has not revisited the discussion of "facially apparent" or "affirmatively reveals," district courts are split in their interpretations and applications of *Chapman/Bosky. See, e.g., Grooms v. Saint,* 2010 WL 5027167 (N.D. Miss) and cases cited therein.

face of the petition ("facially apparent" – *e.g.*, plaintiff suffered broken legs) or defendant may include facts in the notice of removal or other evidence, such as affidavits, to clarify plaintiff's allegations (*e.g.*, plaintiff alleges she "suffered serious injuries" and defendant attaches medical records showing plaintiff broke her legs in the accident). By looking to the normal meaning of words without superimposing artificial gloss over those same words, it could be said that the petition which alleged that plaintiff broke her legs both "affirmatively revealed" and was "facially apparent" that the damages "exceed the minimum jurisdictional amount required for federal jurisdiction."

Defendant also argues, however, that causation needed to be established and the alleged injuries substantiated in order to trigger the 30-day period for removal. In other words, the underlying merits of the allegations of the complaint must be proven rather than taken as "facially" valid. It is difficult to imagine how any petition would ever be removable on its face if causation had to be proved and damages substantiated at that early stage of litigation. Defendant is not required to prove the underlying merits of plaintiff's allegations where those allegations, if true, meet the jurisdictional minimum. Defendant is required to prove *the value* associated with the factual allegations, not that the allegations themselves are uncontroverted facts.

Furthermore, there is no logical distinction between an allegation that plaintiff broke her leg and one merely stating a dollar amount of money insofar as determining its underlying and ultimate merit within the litigation. One is as suspect as the other, and the underlying merit of neither has to be proven for purposes of removal. Both allegations are of facts, which*, if true*, would show that the jurisdictional minimum is met – whether those statements be described as "facially apparent," or "affirmatively revealed."

Not only does defendant's position conflict with the Fifth Circuit's application of the "facially apparent" standard, but also it flies in the face of the typical shifting of burdens of proof in removal cases. Plaintiff is the "master of his complaint," and if he alleges facts in controversy which establish federal jurisdiction, be it federal question or diversity jurisdiction, then defendant has the right to remove the action to federal court. Defendant does not have to prove the accuracy of the factual allegations in order to remove based on the face of the petition, as defendant argues in this motion; he has only to prove here that the *value* of the claims *as alleged* exceeds the minimum amount necessary for federal jurisdiction. If plaintiff wants to avoid federal jurisdiction after defendant has removed a petition where it is "facially apparent " that the damages exceed $75,000, then it becomes plaintiff's burden to come forward with evidence to prove to a legal certainty that the amount in controversy at the time of removal nonetheless fell below $75,000. *E.g., Manguno v. Prudential Property and Casualty Company,* 276 F.3d 720, 724 (5th Cir. 2002).

In the instant matter, plaintiff's allegations in her original complaint state that she suffered severe injuries resulting in reconstructive surgery to her knee and that she has been recommended for total knee replacement. She lists past and future medicals, past and future pain, and loss of enjoyment of life as damages, all of which put defendant on notice that the amount in controversy exceeded $75,000. Defendant has come forward with evidence verifying causation and substantiating the severity of plaintiff's injuries, which merely reiterates that the amount in controversy always has and still does exceed $75,000.00, as required by 28 U.S.C. §1332. That defendant now shows that plaintiff's doctor recommends an additional arthroscopic surgery rather than a total knee replacement does not reduce the amount in controversy shown in the original petition, where it is

"facially apparent" based on the factual allegations of the state court petition that more than $75,000 was in controversy at that time.  Defendant's removal more than six months later is thus untimely under 28 U.S.C. § 1446(b).

Accordingly,

**IT IS RECOMMENDED** that plaintiff's motion to remand (rec. doc. 3) should be **GRANTED,** and this matter be **REMANDED** to the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana.

Signed in Baton Rouge, Louisiana, on March 10, 2011.

**MAGISTRATE JUDGE DOCIA L. DALBY**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**LILLIAN CUPIT**  CIVIL ACTION

**VERSUS**  NUMBER

**WAL-MART STORES, INC.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 (fourteen) days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on March 10, 2011.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**